UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY WAWERU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22 CV 1033 JMB |
| ) | |
| SAFECO INSURANCE COMPANY ) | |
| OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Mary Waweru's ("Plaintiff") Motion to Remand (ECF No. 7). Defendant Safeco Insurance Company of Illinois ("Defendant") filed a responsive pleading (ECF No. 11) to the motion, but Plaintiff has not filed a Reply thereto, and the time for doing so has passed. See E.D. Mo. L.R. 4.01(C). For the reasons set forth below, the Court will reserve ruling on Plaintiff's motion.

**I.   BACKGROUND**

Plaintiff filed this suit in the Circuit Court of St. Louis County, Missouri, asserting claims for breach of contract and vexatious refusal to pay. She prayed for judgment for her underinsured motorist benefits, interest and penalties for vexatious refusal to pay, and attorney's fees. In the Petition, Plaintiff prays for judgment "in a sum to be found reasonable by a jury upon the trial of this case, but less than $75,000.00 …." (ECF No. 1-3)

On September 28, 2022, Defendant timely removed the matter to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] (ECF No. 1-1) In the notice of removal,

---

[1] It is undisputed that complete diversity of citizenship exists in this action.

1

Defendant asserts that Plaintiff seeks damages in excess of $75,000.00, citing to her Petition, wherein Plaintiff claims entitlement to a judgment in an amount less than $75,000.00 and an award for attorney's fees.  (ECF No. 1-1)

Plaintiff seeks to remand the instant matter to state court, arguing that the amount in controversy does not exceed $75,000.00.  In support, Plaintiff submitted an Affidavit wherein Plaintiff's attorney stipulates that  "at trial of this case, she will limit any claim to legal fees in this case so that together with the statutory penalty of fifteen percent (15%), Plaintiff's recovery will be capped at $74,999.00."  (ECF No. 7-1)

## II. DISCUSSION

When a defendant removes a civil action to federal court and its notice of removal includes a good faith, plausible allegation that the amount in controversy exceeds the jurisdictional threshold, the "allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553 (2014);  But if the plaintiff contests the defendant's amount-in-controversy allegation, removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. Waters v. Ferrara Candy Co., 873 F.3d 633, 635-36 (8th Cir. 2017).  Both sides can submit evidentiary proof and then the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. Id.

"Importantly, the issue is not whether the damages are in fact greater than $75,000.00, but whether a fact finder might legally conclude that they are." Hughes v. Transwood, Inc., 2018 WL 1762719, at *2 (E.D. Mo. Apr. 12, 2018).  "The amount in controversy requirement of diversity jurisdiction is strictly construed, and all doubts concerning federal jurisdiction are resolved in favor

2

of remand." Armour v. Schneider Nat's Carriers, Inc., 2016 WL 5470466, at *2 (E.D. Mo. Sept. 29, 2016).  The Court has "an independent obligation to ensure that the case is properly before it." Pudlowski v. St. Louis Rams, LLC, 829 F.3d 963, 964 (8th Cir. 2016).

Remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.  Green v. Dial Corp., 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) (citing Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009)).  A plaintiff can meet that burden with a binding stipulation, by affidavit, or other binding declaration limiting the plaintiff's recovery of damages.  Rhone v. Schneider Nat'l Carriers, Inc., 2016 WL 3569752, at *2 (E.D. Mo. July 1, 2016).

Defendant has challenged Plaintiff's Affidavit, arguing that the Affidavit is not signed by Plaintiff as required and is not in compliance with § 375.420 Mo. Rev. Stat.

Here, Plaintiff submitted an Affidavit signed by her counsel, averring that she is not seeking more than $74,999.00 in this matter.  (ECF No. 7-1)  See, e.g., McGuire v. J.B. Hunt Transp., Inc., 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010) (A binding stipulation by affidavit or other binding declaration signed by plaintiff "stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000.00, exclusive of interest and costs, protects both plaintiff and defendant and allows the court to find as a matter of law that the amount in controversy at the time of removal did not and does not exceed $75,000.00, exclusive of interest and costs.").

While Plaintiff stipulated to cap her recovery to an amount below the jurisdictional threshold in her Affidavit not signed by Plaintiff, in her motion to remand, Plaintiff agreed "to limit any claim to legal fees in this case so that together with the statutory penalty of fifteen percent (15%), Plaintiff's recovery will be capped at $74,999.00" and thus is not in compliance with

3

§ 375.420 Mo. Rev. Stat.  Section 375.420 provides for a penalty not to exceed 20% of the first $1,500.00 of the loss and 10% of the amount of the loss in excess of $1,500.00.  For purposes of clarity and out of what is, perhaps, an overabundance of caution due to the case most likely being remanded, the Court will direct Plaintiff to file an Affidavit signed by Plaintiff and in compliance with § 375.420 Mo. Rev. Stat.  Accordingly, the Court will reserve ruling on Plaintiff's motion to remand.

**IT IS HEREBY ORDERED** that the Court will **RESERVE** ruling on Plaintiff's Motion to Remand (ECF No. 7) for a period of ten (10) days from the date of this Order to allow Plaintiff to submit an Affidavit signed by Plaintiff and in compliance with § 375.420 Mo. Rev. Stat.

Dated this 29th day of November, 2022.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

4