UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY WAWERU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 4:22 CV 1033 JMB |
| | ) |
| SAFECO INSURANCE COMPANY | ) |
| OF ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Mary Waweru's ("Plaintiff") Motion to Remand (ECF No. 7) and Affidavit in Support (ECF No. 13). Defendant Safeco Insurance Company of Illinois ("Defendant") filed a responsive pleading (ECF No. 11). All matters are pending before the undersigned United States Magistrate Judge with the consent of the parties, pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, Plaintiff's motion will be granted.

**I.   BACKGROUND**

Plaintiff filed this suit in the Circuit Court of St. Louis County, Missouri, asserting claims for breach of contract and vexatious refusal to pay. She prayed for judgment for her underinsured motorist benefits, interest and penalties for vexatious refusal to pay, and attorney's fees. In the Petition, Plaintiff prays for judgment "in a sum to be found reasonable by a jury upon the trial of this case, but less than $75,000.00 …." (ECF No. 1-3)

On September 28, 2022, Defendant timely removed the matter to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] (ECF No. 1-1) In the notice of removal, Defendant asserts that Plaintiff seeks damages in excess of $75,000.00, citing to her Petition,

---

[1] It is undisputed that complete diversity of citizenship exists in this action.

1

wherein Plaintiff claims entitlement to a judgment in an amount less than $75,000.00 and an award for attorney's fees. (ECF No. 1-1)

Plaintiff seeks to remand the instant matter to state court, arguing that the amount in controversy does not exceed $75,000.00. In support, Plaintiff submitted an Affidavit wherein Plaintiff stipulates that she "will not seek damages … in excess of $74,99.00, inclusive of damages for personal injury and the statutory damages for vexatious refusal to pay as provided under § 375.420 RSMo, including statutory penalties and reasonable attorney's fees." (ECF No. 13)

## II. DISCUSSION

The purpose of the removal statute is to restrict and limit removal jurisdiction; therefore, the statute is to be construed narrowly and doubt should be resolved against removal jurisdiction. American Fire and Cas. Co. v. Finn, 341 U.S. 6 (1951). The Court's jurisdiction "is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011).

Remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. Green v. Dial Corp., 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) (citing Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009)). A plaintiff can meet that burden with a binding stipulation, by affidavit, or other binding declaration limiting the plaintiff's recovery of damages. Rhone v. Schneider Nat'l Carriers, Inc., 2016 WL 3569752, at *2 (E.D. Mo. July 1, 2016); see also Pudlowski v. St. Louis Rams, LLC, 829 F.3d 963, 964-65 (8th Cir. 2016) (finding that the district court abused its discretion by refusing to consider post-removal affidavits related to the court's jurisdiction). While post-removal events "do not oust the district court's jurisdiction once it has attached," St. Paul Mercury Indem. Co. v. Red Cab Co., 300 U.S. 283, 292 (1938), the court may consider post-removal affidavits to resolve whether the court

has jurisdiction to the extent the affidavit clarifies, rather than amends, the original pleading. See Armour v. Schneider Nat'l Carriers, Inc., 2016 WL 5470466, at *2 (E.D. Mo. Sept. 29, 2016).

Here, Plaintiff submitted an Affidavit, averring that she is not seeking in excess of $74,999.00 in this matter, including damages for personal injury, statutory damages for vexatious refusal to pay as provided under § 375.420 RSMo, and attorney's fees.[2] (ECF No. 13) See, e.g., McGuire v. J.B. Hunt Transp., Inc., 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010) ("A binding stipulation by affidavit or other binding declaration by plaintiff filed in both state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000.00, exclusive of interest and costs, protects both plaintiff and defendant and allows the court to find as a matter of law that the amount in controversy at the time of removal did not and does not exceed $75,000.00, exclusive of interest and costs.").

By filing the Affidavit, Plaintiff has established to a legal certainty that her claim for recovery is for less than the requisite jurisdictional amount. See Hughes v. Transwood, Inc., 2018 WL 1762719, at *2 (E.D. Mo. Apr. 12, 2018); see also 28 U.S.C. § 1446(c)(2)(A)(ii) (Plaintiff's Stipulation's statements constitute binding judicial admissions that make it a legal impossibility for her to recover more than $75,000.00 in state court.). Defendant has neither objected to the motion to remand nor challenged Plaintiff's Affidavit. Accordingly, Plaintiff's motion to remand will be granted, and the case will be remanded to state court. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No.7) is **GRANTED**, and it is **HEREBY ORDERED, ADJUDGED, and DECREED** that this action is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

---

[2] Under Missouri law, Plaintiff's affirmative representations and signed affidavit that she will not seek more than $75,000.00 constitute binding judicial admissions. See, e.g., Moore Auto. Group, Inc. v. Goffstein, 301 S.W.3d 49, 54 (Mo. 2009) (A judicial admission is "an act done in the course of judicial proceedings that concedes for purpose of litigation that a certain proposition is true."); Sebree v. Rosen, 393 S.W.2d 590, 602 (Mo. 1995) ("Judicial admissions against interest are conclusive against the party making them in the absence of contradictory evidence.").

3

Dated this 8th day of December, 2022.

                                              **/s/John M. Bodenhausen**
                                              JOHN M. BODENHAUSEN
                                              UNITED STATES MAGISTRATE JUDG